IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS TAYLOR, JR.,
     Plaintiff,

v.                                Case No. 5:12cv110/RS/CJK

FLORIDA DEPARTMENT OF CORRECTION
MEDICAL DEPARTMENTS,
     Defendants.

_____

## REPORT AND RECOMMENDATION

     Plaintiff, proceeding *pro se* has filed an amended complaint on the form for use in actions under 28 U.S.C. § 1331 or 42 U.S.C. § 1983. (Doc. 4). The filing fee has been paid. Upon review of the amended complaint, the Court concludes that this case should be dismissed for lack of subject matter jurisdiction, because plaintiff is raising purely state law claims of medical malpractice that do not present a federal question (and there is not complete diversity between the parties to support diversity jurisdiction under 28 U.S.C. § 1332) and because even if plaintiff attempted to state a claim for violation of his civil rights under 42 U.S.C. § 1983, this damages suit is barred by the Eleventh Amendment.

BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff is a former prisoner of the Florida Department of Corrections ("DOC"), who now resides in Panama City, Florida. (Doc. 4, pp. 2, 3). Plaintiff

initiated this action on April 17, 2012, by filing a complaint against the medical departments of two DOC correctional facilities – Lake Butler Correctional Facility Medical Department and Graceville Correctional Facility Medical Department – for failing to treat plaintiff's broken hand.  (Doc. 1, p. 3).  Plaintiff alleged that in 2007, a doctor at Lake Butler diagnosed plaintiff with a broken hand and made an appointment for plaintiff to see a specialist for surgery.  Plaintiff complained that during the remaining two and-a-half years of his incarceration, he was not allowed to see a specialist or receive a cast or splint for his hand, he was handcuffed more than ten times and experienced extreme pain in his hand, and he was required to work and perform other activities that hurt his hand.  Plaintiff stated that he was "filing a suit for medical malpractice and related matters," claiming violation of Fla. Stat. §§ 945.601, 945.6038, 944.09 and 945.091.  As relief plaintiff sought $268 billion.  (*Id*., p. 4).

On April 25, 2012, the Court issued an order advising plaintiff that his complaint was subject to dismissal for lack of subject matter jurisdiction, because plaintiff asserted exclusively state law claims of medical malpractice which should be brought in state, not federal, court.  (Doc. 3).  The Court further advised plaintiff that even if his allegations could liberally be construed as raising civil rights claims under 42 U.S.C. § 1983, the complaint would be subject to dismissal for two reasons: (1) the named defendants – state correctional facilities – are not "persons" for purposes of § 1983, and (2) even if the DOC were considered a "person" under § 1983, plaintiff's damages suit was barred by the State's Eleventh Amendment immunity.  (Doc. 3).  Plaintiff was directed to carefully review the Court's order to determine whether he could present allegations sufficient to invoke the Court's

jurisdiction, and to file with the Court either a notice of voluntary dismissal or an amended complaint. Plaintiff was warned that if he chose to file an amended complaint, his complaint must set forth the basis for this Court's federal question jurisdiction, name as defendants only those persons who were responsible for the alleged misconduct, clearly describe how each named defendant was involved in each violation of federal or state law, and state what rights under the Constitution or laws of the United States were violated (as well as any state law violations over which the Court could exercise its supplemental jurisdiction). (*Id*.).

In response, plaintiff has filed an amended complaint naming one defendant: "(Ken Tucker) Secretary of the Florida Department of Correction." (Doc. 4, p. 1). The amended complaint asserts the same allegations as plaintiff's original complaint – that in 2007 a doctor at Lake Butler Correctional Facility diagnosed plaintiff with a broken hand and made an appointment for plaintiff to see a specialist for surgery, and that during the remainder of plaintiff's incarceration at Lake Butler and Graceville Correctional Facility, plaintiff was not provided a cast or splint and was required to perform duties that hurt his hand. (*Id*., p. 3). In concluding his Statement of Facts, plaintiff states, "I'm filing a suit for medical malpractice and related matters. Denal [sic] of medical attention." (*Id*.). When directed on the complaint form to identify what rights under the Constitution, laws or treaties of the United States plaintiff claims have been violated, plaintiff states:

> [T]he State is in violation of Florida Statutes 945.601 F.S. 2007; 945.6038 and 944.09 F.S. 2007 - 945.091

> Medical malpractice – Denal [sic] of medical attention 945.601-945.6036 F.S. 2007 and 944.09-945.091 F.S. 2007.

(Doc. 4, p. 4). As relief, plaintiff again seeks $268 billion.

## SUBJECT MATTER JURISDICTION

The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute. *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.") (*quoting Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction is a threshold inquiry that the Court is required to consider before addressing the merits of any claim. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The Court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff seeks to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331; however, plaintiff's claims do not arise under "the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; they arise under Florida law. Even if the Court liberally construed plaintiff's assertion of "denial of medical attention" as a civil rights claim under 42 U.S.C. § 1983, this suit would be barred by the Eleventh Amendment. The Eleventh Amendment bars suit against a state as a named

defendant in federal court. *Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). The Eleventh Amendment also bars suit when state officials are named defendants if the state is the "real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347, 350, 89 L. Ed. 389 (1945). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state, especially by imposing liability damages that must be paid out of the public fisc." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1577 (*citing Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 & n. 11, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984), *and Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a damages suit brought by a private individual against a state in federal court. *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 122 S. Ct. 1864, 152 L. Ed. 2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).

Here, plaintiff names as the defendant: "(Ken Tucker) Secretary of the Florida Department of Correction." (Doc. 4, p. 2). It is apparent from the face of the complaint that Secretary Tucker is sued exclusively in his official capacity. Plaintiff does not seek to recover against Mr. Tucker individually for anything Tucker did or did not do – Secretary Tucker is mentioned nowhere in the body of plaintiff's complaint. *Jackson*, 16 F.3d at 1577 ("The essence of an individual capacity suit is

that the plaintiff is seeking to recover from the individual defendant, who is personally liable for the judgment."). Plaintiff seeks recovery from "the State" (doc. 4, p. 4) for the DOC's medical malpractice and denial of medical care. This damages suit, which is "in essence one for the recovery of money from the state," *Ford Motor Co.*, 323 U. S. at 464, is barred by the State's Eleventh Amendment immunity.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED for lack of subject matter jurisdiction.

2. That the Clerk should be directed to close the file.

At Pensacola, Florida this 9th day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).